IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEYONTAE CORNAIL STINSON,

                                 Petitioner,

    v.                                                                  ORDER

WARDEN LARRY FUCHS,                               20-cv-1101-jdp

                                 Respondent.

Petitioner Deyontae Cornail Stinson seeks relief under 28 U.S.C. § 2254. Petitioner has filed an affidavit of bias or prejudice under 28 U.S.C. § 144, which is properly construed as a motion for recusal. Petitioner also requests a ruling on his motion for bail. Dkt. 31. As discussed below, the motion for recusal is denied and the request for a ruling is granted in part.

Petitioner contends that I showed bias in an order by ignoring his objections to the respondent's answer to his habeas petition. In his objections, petitioner contended that respondent's answer was an untimely motion to dismiss the petition on procedural grounds. *See* Dkt. 12. The court's order to show cause gave respondent 60 days to file an answer but only 30 days to file a motion to dismiss if respondent argued that the petition was subject to facial dismissal for procedural reasons. Dkt. 6, at 2.

In the order at issue, I determined that, after respondent answered, petitioner failed to comply with the court's order to show cause because he did not file a brief in support of his habeas petition and, instead, filed several other documents. *See* Dkt. 20. I ordered petitioner to file a brief in support but did not explicitly address petitioner's argument that the answer was untimely. Petitioner also contends that I treated him unfairly by granting respondent's

motions for extensions of time to file a brief in opposition shortly after their filing. *See* Dkt. 23 and Dkt. 26.

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "[A] motion to disqualify under § 144 requires a showing of *actual bias*." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (emphasis in original). "And only personal animus or malice on the part of the judge can establish actual bias." *Id.* The movant bears a substantial burden to show actual bias. *See id.* "[J]udicial rulings alone will almost never constitute a valid basis for disqualification under § 144." *Id.* Mere conclusory allegations are insufficient under § 144 to show actual bias. *See United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993)*; Action Realty Co. v. Will*, 427 F.2d 843, 844 (7th Cir. 1970). The judge concerning whom recusal is sought may rule on the sufficiency of the affidavit. *See Hoffman*, 368 F.3d at 713, 718–19; *Sykes*, 7 F.3d at 1338–40.

Here, petitioner's affidavit is insufficient. Petitioner merely disagrees with court rulings, which fails to show actual bias. Also, petitioner has not shown that these rulings were incorrect. In its answer, respondent asked the court to deny and dismiss the petition. Dkt. 10, at 5. Petitioner's assertion that respondent moved to dismiss on only a procedural ground is mistaken. Also, respondent received only two extensions of time to file his brief in opposition, which resulted in its being filed two months after the original deadline. *See* Dkt. 20; Dkt. 23; Dkt. 26; Dkt. 28. Although petitioner contends that this delay was unfair, he has not explained how it unfairly prejudiced him.

Petitioner has also requested a ruling on his motion for bail. Dkt. 31. The court grants this motion solely to the extent that it notes that the motion for bail has been taken under advisement and a ruling will be issued on that motion when time permits.

ORDER

IT IS ORDERED that:

1. Petitioner's motion for recusal, Dkt. 24, is DENIED.

2. Petitioner's request for a ruling on his motion for bail, Dkt. 31, is GRANTED IN PART as explained above.

3. The clerk of court is directed to send petitioner a copy of this order.

Entered October 12, 2022.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge